PEDRO ROSARIO, demandante y apelante, *v.* JORGE L. LALAITE, demandado y apelado.

Núm. 7668.—*Sometido:* Febrero 5, 1939. *Resuelto:* Junio 24, 1939.

*Carlos D. Vázquez,* abogado del apelante; *R. Padró Parés,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Este recurso difiere del pleito ordinario en cobro de daños y perjuicios, toda vez que una persona que viajaba como pasajero en un automóvil fué demandada por otra que caminaba por la acera. La corte inferior dictó sentencia a favor del demandado. De la prueba en conjunto la corte tenía derecho a creer que el demandante, Pedro Rosario, caminaba por la calle Salvador Brau cuando el demandado, Jorge Lalaite, trató de bajarse de un automóvil público y al abrir la puerta chocó con el demandante y le lesionó; que cuando dicho pasajero empezó a bajarse del automóvil, éste se había detenido por completo y la lesión al demandante fué causada por el acto del chófer al poner en marcha el vehículo luego de abrirse la puerta. Entre otras cosas, hubo un conflicto claro en la prueba en torno a si fué el pasajero o el chófer quien abrió la puerta, mas la corte de distrito llegó a la conclusión que fué el último quien la abrió. Además, la corte creyó que fué el chófer quien puso en marcha el automóvil después de haberse abierto la puerta. La corte dijo:

"... . Al detener el vehículo lo hizo tan retirado de la acera, sur de la calle Salvador Brau que interrumpió el tráfico que en aque-, llos momentos era considerable, debido a ser la hora de salida de los, hipódromos, por cuyo motivo el policía que se hallaba de servicio, en la calle Salvador Brau esquina Tanca, tocó el pito indicando al *chauffeur* que no podía permanecer en el sitio en que se hallaba, y entendiéndolo así el *chauffeur* movió el carro hacia adelante para colocarlo junto a la acera izquierda de la calle Salvador Brau.''

La teoría del demandante fué que el demandado abrió la puerta antes del vehículo haberse detenido por completo y en su consecuencia que él era personalmente responsable del accidente. Uno de los argumentos del demandante es que había tres o cuatro pasajeros en el vehículo, amigos del demandado, y que ninguno de ellos trató de bajarse. Si la corte hubiera dado crédito a este pequeño detalle que favorecía al demandante, ella no obstante hubiera tenido derecho a resolver el caso en favor del demandado.

No es ése el único argumento con que el apelante trata de convencernos de que la preponderancia de la prueba está a su favor. Como ocurre con tanta frecuencia en casos en que existe conflicto de prueba, la corte pudo haber decidido el caso en favor del demandante, mas nada hallamos en la prueba que nos induzca a creer que la corte inferior actuó movida por pasión, prejuicio o parcialidad, o que incurrió en grave error. Esto cubre los señalamientos segundo, tercero y cuarto.

El primer señalamiento es como sigue:

"Erró la Hon. Corte de Distrito al denegar la admisión en evidencia del asiento del libro de automóviles relativo a la forma en que el testigo Manuel Martínez, policía insular, informó el accidente en el cuartel de la policía, toda vez que dicho asiento era admisible para impugnar la veracidad del mencionado testigo."

El libro que contenía esa información fué en realidad, excluído por la corte y el demandante se anotó una excepción. No hay duda alguna de que lo escrito en el libro resultaba inconsistente con la declaración del policía durante el juicio, puesto que en ese informe se hace decir al policía que el pasa-

jero abrió la puerta del automóvil mientras éste se hallaba en movimiento. Sin embargo, durante el juicio salió a relucir el hecho de que el policía mismo no redactó, aunque sí firmó, el contenido específico del informe que fué excluído, y, además, toda la cuestión relativa a cómo y por qué manifestó lo que dijo salió a la luz durante el juicio. El policía insistió en que su declaración durante el juicio era la verdadera.

Quizá hubiera sido prudente por parte de la corte haber admitido el libro como prueba, mas no estamos convencidos de que se cometiera error, y si lo hubo, el mismo no fué perjudicial.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.